## VICTORY INS. CO. OF PHILADELPHIA v. VAUGHN et al.

### No. 12914.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 16, 1933.

Rehearing Denied Jan. 27, 1934.

Thompson, Knight, Baker & Harris and Robert Lee Guthrie, all of Dallas, for plaintiff in error.

George C. Kemble, of Fort Worth, for defendants in error.

DUNKLIN, Justice.

One of the stipulations in the fire insurance policy on which this suit was based was that, in case of destruction or injury of the vehicle by fire, plaintiff, who was the assured, would furnish to the insurance company proof of the loss sustained. In compliance with that provision, plaintiff submitted to the insurance company, through its adjuster, a verified statement, under oath, showing loss of the car by theft, the recovery thereof on the same night it was stolen after it had been stripped and burned, with the further statement that the total insurance on the car was $650, but that his whole loss sustained by reason of the theft was $325 for which he asserted a claim under the policy. Indorsed on the back of that instrument was the following:

"Itemized Schedule of Cost of Repairs and Replacements. R. L. Vaughn: Automobile Theft Loss: May 4th, 1932, Fort Worth, Texas.

1929 Model Nash Royal Coupe, purchased
new by assured in June 1929 at cost of..... $1,485.00
Less depreciation, as agreed................... 1,160.00

Sound value and loss to assured.............. $ 325.00
$650.00 Insurance and Company pays......... 325.00

"Salvage taken over for benefit of Company.

"No other insurance. No subrogation.

"[Signed] Chas. Edwards, Adjuster."

At the same time plaintiff submitted that proof of loss he executed the following instrument:

"Bill of Sale and Application for Transfer.

"The State of Texas, County of Tarrant

"Know all men by these presents: That the ownership of the following described motor vehicle is hereby transferred by the undersigned to —— for and in consideration of One Dollar and other valuable consideration.

"Old License Number —— New License Number ——

"Name and Model and year made 1929 Nash Coupé

"Engine Number B44989 Horse Power (A. L. A. M. ——

"Transferee's name in full ——

"Transferee's correct address in full ——

"Before me, the undersigned authority, personally appeared the vendor of the vehicle described above, and being duly sworn, deposes and upon oath states that the vehicle described is hereby transferred to the transferee named above.

"[Signed] R. L. Vaughn, Vendor.

"Subscribed and sworn to before me this 19th day of May, 1932.

"[Signed] A. B. Smith,

"[Seal of Notary Public, Tarrant County, Texas.]"

That bill of sale was executed for the purpose of conveying to the insurance company what remained of the vehicle after it had been recovered. Six days after the delivery of those two instruments to the adjuster of the insurance company, the company tendered to Vaughn its draft in the sum of $325 in full settlement for the loss sustained by reason of the theft of the vehicle and the damage thereto by fire before it was recovered.

The plaintiff refused to accept the draft, and, before it was tendered, notified the insurance company that the claim he made for $325 was through the mistaken belief that that amount would be over and above the claim of the Traders' Finance Company, mortgagee, who was a beneficiary in the policy, and whose mortgage, the evidence showed, amounted to $255, with accumulated interest. However, the plaintiff failed to plead that he was induced to execute the instruments mentioned through either fraud, accident, or mistake.

It is our conclusion that the proof and claim of loss so made by the plaintiff with his sworn statement that $325 was the full amount of his loss and claim made by him at the time for that amount, with the indorsement made by defendant's adjuster on that proof, indicating acceptance of that proof as correct, and the delivery to the company of the bill of sale for what remained of the vehicle after its recovery, followed by the tender to plaintiff of the amount of that loss six days later, all evidenced a valid and binding contract in writing for full settlement of the loss sustained. That contract could not be avoided by pleadings and testimony of the plaintiff as to his undisclosed intentions and understanding at the time he executed those instruments; to the effect that the amount of $325 claimed by him in his proof of loss was to be net to him over and above his mortgage indebtedness to the Traders' Finance Corporation, named in the policy as a beneficiary, and to the admission of which testimony the defendant duly objected. 24 Tex. Jur. pp. 1162–1165.

Accordingly, the judgment of the trial court awarding to plaintiff the sum of $645 is reversed, and that judgment is so reformed as to allow the plaintiff a recovery from defendant, the Victory Insurance Company of Philadelphia, of the sum of $325 in full satisfaction of the loss he sustained as a result of the theft of the vehicle in question; and awarding to the intervener, the Traders' Finance Company, the sum of $255, with accrued interest to be satisfied out of the amount so awarded to the plaintiff, Vaughn.

The cost of appeal will be taxed against the appellee Vaughn.